HERBERT H. RAY, JR.
Alaska Bar No. 8811201
ZACHARY T. BERNE
Alaska Bar No. 1311098
SCHWABE, WILLIAMSON & WYATT
745 West Fourth Avenue, Suite 220
Anchorage, AK  99501
Telephone:  (907) 339-7125
E-mail:  hray@schwabe.com
E-mail:  zberne@schwabe.com

Attorneys for Plaintiff
INTERNATIONAL INSURANCE COMPANY
OF HANNOVER SE.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE, <br><br>  Plaintiff, <br><br> vs. <br><br> ALASKA INDUSTRIAL, LLC and ALASKA INDUSTRIAL TRUCKING, LLC, <br><br>  Defendants. | Case No. 3:18-cv-_____ <br><br> **COMPLAINT** |

PLAINTIFF International Insurance Company of Hannover, SE ("Hannover"), for its Complaint in this matter, alleges as follows:

<u>JURISDICTION AND PARTIES</u>

1. Hannover is an insurance company incorporated in Germany with its principal place of business in Hannover, Germany.

2. Defendants Alaska Industrial LLC ("Alaska Industrial") and Alaska Industrial Trucking, LLC (collectively, "Alaska Industrial"), are limited liability companies incorporated in Alaska with their principal place of business in North Pole, Alaska. Defendants provide transportation and hauling services in Alaska. Alaska Industrial's business operates from an industrial complex, owned by Alaska Industrial, LLC located at 1543 Richardson Highway in North Pole, Alaska ("the Property").

3. The amount in controversy in this case exceeds $75,000. As more fully set forth in this Complaint, Hannover alleges that Alaska Industrial has breached a settlement agreement and converted $1.9 million of settlement funds that Alaska Industrial was required to use to satisfy the claims of loss payees on an insurance policy. One of those loss payees is now demanding that Hannover pay it $974,268.02.

4. The court has diversity jurisdiction over Hannover's claims in this matter under 28 U.S.C. § 1332(a)(2) in that the Hannover is a subject of a foreign state while Defendants are all citizens of Alaska and the amount in controversy exceeds $75,000.

## THE FIRE LOSS AND INSURANCE SETTLEMENT

5. Immediately prior to December 6, 2017, at least five buildings owned by Alaska Industrial stood on the Property, including a large metal building used by Alaska Industrial as an industrial truck shop ("the truck shop") and a smaller building used as an office ("the office building"). Trucks, cranes, and other industrial vehicles used by Alaska Industrial in its business operations were also stored on the Property.

6. Hannover issued a commercial property insurance policy (Policy No. CPR17E079004) ("the Policy") to Alaska Industrial, LLC covering some of Alaska Industrial's buildings, improvements and equipment located on the Property. The Policy term runs from December 1, 2017 through December 1, 2018. Alaska Industrial Trucking, LLC is identified as

COMPLAINT
*Int'l Ins. Co. of Hannover SE v. Alaska Industrial, LLC, et al.*
Case No. 3:18-cv-_____  Page 2 of 13

Case 3:18-cv-00242-JWS   Document 1   Filed 10/12/18   Page 2 of 13

an additional insured in the Policy. A copy of the Policy is attached as Exhibit A to this Complaint.

7. Denali State Bank ("Denali") is a community bank based in Fairbanks, Alaska. In March 2012 it provided financing ("the Loan") to Alaska Industrial, LLC in the amount of $1,450,000.00. The loan was secured by a deed of trust covering buildings erected on the Property, including the truck shop and the office building. In addition, Denali recorded UCC Financing Statements which covered all furniture, fixtures and equipment located at the Property.

8. Denali was listed as one of ten loss payees listed on the Loss Payable Schedule of the Policy. Some of the loss payees have recorded UCC Financing Statements and other evidence of their secured interest against property located on the Property.

9. On December 6 2017, a fire destroyed the truck shop located on the Property. The fire also damaged the office building. Many articles of personal property, including tools and equipment were destroyed in the fire.

10. In addition to its property losses, Alaska Industrial incurred other costs and losses, such as business interruption losses and costs to remove the debris from the fire. The destruction of, and damage to, Alaska Industrial's property, and Alaska Industrial's resulting costs and losses, are referred to in this Complaint as "the Fire Losses."

11. Alaska Industrial submitted an insurance claim to Hannover, seeking payment under the Policy for its Fire Losses.

12. In August 2018, Alaska Industrial and Hannover entered a settlement agreement ("the Agreement") in which Hannover agreed to pay Alaska Industrial $1,970,861.68 ("the Settlement Funds") to settle its insurance claim for its Fire Losses.

13. A true copy of the Agreement is attached as Exhibit B to this Complaint.

COMPLAINT
*Int'l Ins. Co. of Hannover SE v. Alaska Industrial, LLC, et al.*
Case No. 3:18-cv-_____ Page 3 of 13

Case 3:18-cv-00242-JWS   Document 1   Filed 10/12/18   Page 3 of 13

14. A portion of the Settlement Funds, totaling $650,199.30, represented payment on the adjusted replacement value of the truck shop, while $15,174.50 of the Settlement Fund represented the adjusted costs of repairs to the office building that was damaged in the fire.

15. The Policy also provided coverage for destruction of personal property, miscellaneous tools and equipment, and employee tools. The Settlement Funds included payments to Defendants totaling $860,000 as the adjusted replacement cost of equipment, tools and other personal property under those coverages.

16. In addition, the Policy provided coverage for business disruption and debris removal. The Settlement Funds included payments to the Defendants of $250,000 for business disruption and $136,273 for debris removal.

17. Alaska Industrial was represented in its negotiations with Hannover on its insurance claims by Fairbanks, Alaska attorney Robert Groseclose. Hannover was represented by Anchorage, Alaska attorney Kristin Crabb. Attorney Crabb negotiated the Agreement with attorney Groseclose from her office in Anchorage, and drafted the Agreement in Anchorage.

18. The $1,970,861.68 settlement payment under the Agreement represented the total amount that Hannover was obligated to pay under the Policy for the Fire Losses.

19. During the negotiations regarding the Agreement, Alaska Industrial insisted that time was of the essence in receiving the insurance payment for the Fire Losses. Rather than contacting each of the ten loss payees listed in the Policy to determine their respective interests in any property destroyed or damaged by the fire, which process would have slowed down the payment of the insurance settlement to Alaska Industrial, the parties agreed that Hannover would advance the entire amount of the Settlement Funds to Alaska Industrial, including that portion of the Settlement Funds that were due and owing to the loss payees.

20. Alaska Industrial agreed that it administer the Settlement Funds to resolve any subrogated liens or claims, which was intended to include the claims of loss payees such as

COMPLAINT
*Int'l Ins. Co. of Hannover SE v. Alaska Industrial, LLC, et al.*
Case No. 3:18-cv-_____ Page 4 of 13

Case 3:18-cv-00242-JWS   Document 1   Filed 10/12/18   Page 4 of 13

Denali. This agreement was documented in a July 30, 2018 letter from Ms. Crabb to Mr. Groseclose. It was also included as a term of the Agreement, in which Alaska Industrial agreed that it would "satisfy, compromise or defeat any subrogated liens or claims out of the settlement proceeds…."

21. To protect Hannover from any claims by loss payees relating to the Fire Losses, the Agreement also requires Alaska Industrial to "defend, indemnify and hold harmless [Hannover] from any subrogated claim, demand or lien which may be asserted against [Hanover] by any third party, including, but not limited to, any claims or demands by any lien holder, lender, payee, and/or mortgagee who may seek recovery for the amounts paid by [Hannover] for the damage to [Alaska Industrial] as a result of the occurrence."

22. On information and belief, after the Agreement was executed, Denali advised Alaska Industrial that its interest in the Settlement Proceeds, as a loss payee, was the payoff value of its Loan. Alaska Industrial refused to pay Denali the payoff value of the Loan and has otherwise failed to "satisfy, compromise or defeat" Denali's claim as a loss payee for its interest in the Settlement Funds.

23. Hannover has demanded that Alaska Industrial satisfy, compromise or defeat Denali's claim against the Settlement Funds, as required under the Agreement. As of the date of the filing of this Complaint, Alaska Industrial has failed to do so.

24. On September 30, 2018, Denali State Bank submitted a claim against Hannover, as a loss payee under the policy. On October 8, 2018, Denali advised that it is seeking recovery of $974,268.02 from Hannover, which it represented to be the payoff amount on Alaska Industrial's Loan.

25. On information and belief, Alaska Industrial has not notified any of the other loss payees listed on the Policy of the loss, or satisfied their subrogated liens or claims relating to property destroyed by the fire from the Settlement Funds.

COMPLAINT
*Int'l Ins. Co. of Hannover SE v. Alaska Industrial, LLC, et al.*
Case No. 3:18-cv-_____  Page 5 of 13

Case 3:18-cv-00242-JWS   Document 1   Filed 10/12/18   Page 5 of 13

26. Mr. Jeff Day, Alaska Industrial, LLC's principal, has stated that he intends to use the Settlement Funds to rebuild the buildings that burned down.

27. There is a substantial risk that Alaska Industrial will deplete the Settlement Funds to rebuild its business rather than using some of the Settlement Funds to satisfy the claims of loss payees for their respective interests in the Settlement Funds, as required under the Agreement.

28. The Settlement Funds were transferred to Alaska Industrial based on its representation that it would administer the funds to satisfy any liens or subrogated claims, including the claims of any loss payees. In accepting the Settlement Funds from Hannover, and agreeing to act as Hannover's agent in settling the claims of the loss payees, Alaska Industrial assumed a fiduciary duty owed to Hannover to administer the funds to settle the claims of loss payees such as Denali.

29. Alaska Industrial does not own all of the Settlement Funds. That portion of the Settlement Funds in which loss payees claim an interest do not belong to Alaska Industrial and it has no right to retain or use those funds.

30. Alaska Industrial's failure to satisfy, compromise or defeat Denali's claim is a breach of the Agreement.

31. By retaining funds belonging to Denali and other loss payees, Alaska Industrial has wrongfully converted the funds to its own use.

32. Hannover entrusted the Settlement Funds to Alaska Industrial, and relied on Alaska Industrial's promise that it would use the funds to satisfy, compromise or defeat and liens or subrogated claims.

33. As a result of Alaska Industrial's failure to settle Denali's claims, Denali has now asserted a claim under the Policy against Hannover, and Hannover is faced with the risk of having to pay Denali for its interests in the Property as a loss payee, even though the Settlement

COMPLAINT
*Int'l Ins. Co. of Hannover SE v. Alaska Industrial, LLC, et al.*
Case No. 3:18-cv-_____   Page 6 of 13

Case 3:18-cv-00242-JWS   Document 1   Filed 10/12/18   Page 6 of 13

Funds that Hannover transferred to Alaska Industrial were supposed to be used by Alaska Industrial to satisfy Denali's claims.

34. Hannover has also incurred legal fees and costs as a result of Alaska Industrial's failure to fulfill its obligation under the Agreement to resolve Denali's claims.

## COUNT I – BREACH OF CONTRACT – SPECIFIC PERFORMANCE

35. Hannover incorporates paragraphs 1-34 of its Complaint as if fully set forth herein.

36. Alaska Industrial has breached the Agreement by failing to satisfy, compromise or defeat Denali State Bank's claims out of the settlement proceeds.

37. Alaska Industrial has breached the Agreement by failing to defend, indemnify and hold harmless Hannover from Denali State Bank's claims.

38. As a result of Alaska Industrial's breach, Hannover has suffered monetary damages in the form of attorneys' fees and litigation costs that were incurred to respond to Denali's claim and bring this action against Alaska Industrial.

39. As a result of Alaska Industrial's breach, Hannover is exposed to potential direct liability to Denali for its claim under the Policy for the Fire Losses as a loss payee, even though the Agreement requires Alaska Industrial to satisfy Denali's claims from the Settlement Proceeds.

40. Hannover is entitled to an Order from this Court compelling Alaska Industrial to comply with its contractual obligation to satisfy Denali's claims from the Settlement Funds

## COUNT II – BREACH OF CONTRACT – DAMAGES

41. Hannover incorporates paragraphs 1-40 of its Complaint as if fully set forth herein.

42. As a result of Alaska Industrial's failure to satisfy Denali's claims, Hanover has incurred attorneys' fees and costs in responding to Denali's claims, for which Alaska Industrial is liable.

43. Hannover was forced to bring this lawsuit due to Alaska Industrial's failure to honor its contractual obligation to satisfy, compromise or defeat Denali's claim. Hannover has incurred attorneys' fees and costs in bringing this lawsuit, for which Alaska Industrial is liable.

## COUNT III – INDEMNITY

44. Hannover incorporates paragraphs 1-43 of its Complaint as if fully set forth herein.

45. The Agreement requires Alaska Industrial to indemnify, defend and hold harmless Hannover from Denali's claims based on its status as a loss payee under the Policy.

46. Alaska Industrial has failed to indemnify, defend and hold harmless Hannover from Denali's claims.

47. Alaska Industrial is liable to indemnify Hannover for any costs or fees it incurs in defending, settling or otherwise resolving Denali's claims.

## COUNT IV – FRAUD

48. Hannover incorporates paragraphs 1-47 of its Complaint as if fully set forth herein.

49. Alaska Industrial's representations that it would use the Settlement Funds to satisfy, compromise or defeat the claims of loss payees were false when Alaska Industrial made them. Alaska Industrial knew the representations were false, and that it had no intention of honoring them.

50. Alaska Industrial made these false representations in order to induce Hannover to pay the Settlement Proceeds to Alaska Industrial.

COMPLAINT
*Int'l Ins. Co. of Hannover SE v. Alaska Industrial, LLC, et al.*
Case No. 3:18-cv-_____    Page 8 of 13

Case 3:18-cv-00242-JWS   Document 1   Filed 10/12/18   Page 8 of 13

51. The promise by Alaska Industrial that it would satisfy loss payees' claims from the Settlement Funds was material to Hannover, and Hannover would not have entered into the Agreement had Alaska Industrial not made this promise.

52. Hannover justifiably relied on Alaska Industrial's representations to its detriment and was not aware that Alaska Industrial's representations were false.

53. Hannover has suffered damages in the form of attorneys and costs incurred to deal with Denali's claim as a loss payee on the Policy. Further, it faces liability to Denali and potentially to other loss payees as a result of Alaska Industrial's breach of contract.

54. Hannover is entitled to an award of consequential and punitive damages against Alaska Industrial resulting from its fraud.

## COUNT V – CONSTRUCTIVE FRAUD

55. Hannover incorporates paragraphs 1-54 of its Complaint as if fully set forth herein.

56. Hannover paid the Settlement Funds to Alaska Industrial based upon, and in reliance upon, Alaska Industrial's representation that it would use the Settlement Funds to settle the claims of loss payees.

57. Alaska Industrial's breach of this obligation has resulted in its unjust enrichment in that it is using the Settlement Funds for its own purposes, and leaving Hannover exposed to liability to loss payees who have not been paid by Alaska Industrial. Alaska Industrial's actions are a breach of the confidence and trust that Hannover placed in it to settle the claims of loss payees.

58. Hannover is entitled to have the Court impose a constructive trust on the Settlement Funds to ensure that Alaska Industrial uses them to settle the claims of loss payees, as required under the Agreement. The imposition of such a trust will prevent the manifest unjustice and unfairness created by Alaska Industrial's actions.

COMPLAINT
*Int'l Ins. Co. of Hannover SE v. Alaska Industrial, LLC, et al.*
Case No. 3:18-cv-_____    Page 9 of 13

Case 3:18-cv-00242-JWS   Document 1   Filed 10/12/18   Page 9 of 13

## COUNT VI – BAILMENT

59. Hannover incorporates paragraphs 1-58 of its Complaint as if fully set forth herein.

60. A portion of the Settlement Funds that Hannover transferred to Alaska Industrial were to be used to satisfy Hannover's debt to the loss payees under the Policy. Hannover delivered the Settlement Funds to Alaska Industrial based on its express representation that it would deliver to each loss payee its respective share of the Settlement Funds.

61. That portion of the Settlement Funds in which loss payees have an interest do not belong to Alaska Industrial, and it has no right to retain or use those funds.

62. Alaska Industrial has negligently failed to deliver that portion of the Settlement Funds in which loss payees have an interest to the loss payees.

63. Alaska Industrial's negligent failure to deliver to the loss payees that portion of the Settlement Funds belonging to the loss payees has caused Hannover to incur legal fees and costs to deal with the claims by loss payees such as Denali.

64. Alaska Industrial's negligent failure to deliver to the loss payees that portion of the Settlement Funds belonging to the loss payees has caused Hannover to be exposed to liability to pay the loss payees for their interests in the Settlement Funds, even though Hannover already delivered funds to Alaska Industrial for the purpose of satisfying the loss payees' claims.

## COUNT VII – CONVERSION

65. Hannover incorporates paragraphs 1-64 of its Complaint as if fully set forth herein.

66. A portion of the Settlement Funds that Hannover transferred to Alaska Industrial were to be used to satisfy Hannover's debt to the loss payees under the Policy. Hannover delivered the Settlement Funds to Alaska Industrial based on its express representation that it would deliver to each loss payee its respective share of the Settlement Funds.

COMPLAINT
*Int'l Ins. Co. of Hannover SE v. Alaska Industrial, LLC, et al.*
Case No. 3:18-cv-_____                                              Page 10 of 13

Case 3:18-cv-00242-JWS   Document 1   Filed 10/12/18   Page 10 of 13

67. That portion of the Settlement Funds in which loss payees have an interest do not belong to Alaska Industrial, and it has no right to retain or use those funds. Until the funds are delivered by Alaska Industrial to the loss payees, the funds belong to Hannover.

68. Alaska Industrial has intentionally and wrongfully retained that portion of the Settlement Funds that was supposed to the paid to the loss payees to satisfy their claims under the Policy for the Fire Losses.

## COUNT VIII – TRESPASS TO CHATTELS

69. Hannover incorporates paragraphs 1-68 of its Complaint as if fully set forth herein.

70. A portion of the Settlement Funds that Hannover transferred to Alaska Industrial were to be used to satisfy Hannover's debt to the loss payees under the Policy. Hannover delivered the Settlement Funds to Alaska Industrial based on its express representation that it would deliver to each loss payee its respective share of the Settlement Funds.

71. That portion of the Settlement Funds in which loss payees have an interest do not belong to Alaska Industrial, and it has no right to retain or use those funds. Until the funds are delivered by Alaska Industrial to the loss payees, the funds belong to Hannover.

72. Alaska Industrial has intentionally and wrongfully retained that portion of the Settlement Funds that was supposed to the paid to the loss payees to satisfy their claims under the Policy for the Fire Losses.

73. Alaska Industrial's wrongful interference in the portion of the Settlement Funds intended for the loss payees has caused Hannover to incur legal fees and costs to deal with the claims of loss payees such as Denali. It has also caused Hannover to be exposed to liability to pay the loss payees for their interests in the Settlement Funds, even though Hannover already delivered funds to Alaska Industrial for the purpose of satisfying the loss payees' claims.

COMPLAINT
*Int'l Ins. Co. of Hannover SE v. Alaska Industrial, LLC, et al.*
Case No. 3:18-cv-_____   Page 11 of 13

Case 3:18-cv-00242-JWS   Document 1   Filed 10/12/18   Page 11 of 13

## COUNT IX – BREACH OF FIDUCIARY DUTY

74. Hannover incorporates paragraphs 1-73 of its Complaint as if fully set forth herein.

75. The Settlement Agreement created a principal-agent relationship between Hannover and Alaska Industrial. Alaska Industrial agreed to administer the Settlement Funds to satisfy or otherwise discharge claims of loss payees on the Policy such as Denali.

76. Alaska Industrial owed a fiduciary duty to Hannover to administer the Settlement Funds so as to protect Hannover from any subrogated claims or liens of loss payees such as Denali by satisfying or otherwise disposing of such claims.

77. Alaska Industrial has breached its fiduciary duties to Hannover. By way of example and without limitation, Alaska Industrial's failure to settle or otherwise resolve Denali's claims against Hannover constitutes a breach of Alaska Industrial's fiduciary duties owed to Hannover.

78. Alaska Industrial's breach of its fiduciary duties to Hannover has caused Hannover to suffer damages, including the incursion of costs and attorney's fees, and the exposure to claims by loss payees under the Policy such as Denali.

WHEREFORE, Plaintiff Hannover prays for the following relief:

1. A prejudgment writ of attachment against $974,268.02 of the Settlement Funds under the Agreement, which the Agreement requires Alaska Industrial to pay to Denali;

2. The imposition of a constructive or express trust over the Settlement Funds to ensure that Alaska Industrial uses them to satisfy, compromise or defeat the claims of Denali and any other loss payee creditors;

3. An award of compensatory damages;

4. An order compelling Alaska Industrial to use the Settlement Funds to satisfy, compromise or defeat Denali's claims and the claims of any other loss payees that may arise;

COMPLAINT
*Int'l Ins. Co. of Hannover SE v. Alaska Industrial, LLC, et al.*
Case No. 3:18-cv-_____     Page 12 of 13

Case 3:18-cv-00242-JWS   Document 1   Filed 10/12/18   Page 12 of 13

5. A writ or replevin directing Alaska Industrial to return that portion of the Settlement Funds in which loss payees have an interest to Hannover;

6. An award of punitive damages;

7. An award of its legal fees and costs incurred in this action;

8. Such further legal or equitable relief to which it may be entitled.

DATED at Anchorage, Alaska this 11th day of October, 2018.

SCHWABE, WILLIAMSON & WYATT
Attorneys for Plaintiff
INTERNATIONAL INSURANCE COMPANY
OF HANNOVER SE.

s/ Herbert H. Ray, Jr.
745 West Fourth Avenue, Suite 220
Anchorage, Alaska 99501
Phone: (907) 339-7125
E-mail: hray@schwabe.com

COMPLAINT
*Int'l Ins. Co. of Hannover SE v. Alaska Industrial, LLC, et al.*
Case No. 3:18-cv-_____  Page 13 of 13

Case 3:18-cv-00242-JWS   Document 1   Filed 10/12/18   Page 13 of 13